IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TALISHA THOMPSON o/b/o
N.F.                                                                                          PLAINTIFF

v.                                          CIVIL NO. 07-2142

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Talisha Thompson brings this action on behalf of her minor daughter, N.F., seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration (Commissioner) denying N.F.'s application for child's supplemental security income (SSI) benefits under Title XVI of the Social Security Act (Act). Both parties submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. 4, 9, 10).

**I.      Procedural Background:**

Plaintiff protectively filed an application for SSI on N.F.'s behalf on April 21, 2005, alleging that N.F. is disabled due to asthma. (Tr. 62). In forms associated with the application, plaintiff reported N.F. also had language and development problems. (Tr. 94). An administrative hearing was held on September 26, 2006, at which plaintiff appeared with counsel. (Tr. 264-302).

The ALJ, in a written decision dated March 27, 2007, found that N.F. was not disabled, as N.F. did not have an impairment that met or was medically or functionally equal to a listed impairment. (Tr. 18-27).

**II.    Discussion:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996, P.L. 104-193, revised the standards for determining childhood disability. Under the "interim" revised standards, a child is considered disabled if she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to last for a continuous period of at least twelve months. *See* 42 U.S.C. § 1382c(a)(3)(c)(I). Effective January 2, 2001, the Commissioner promulgated "final" revised rules in response to public comments regarding the implementation of the revised rules . *See* Childhood Disability Provisions, 65 Fed. Reg. 54747 (September 11,2000)(to be codified at 20 C.F.R. Pts. 404, 416.) Under these "final" rules there is now a single method, rather than four

separate methods, for evaluating functional equivalence based only on six domains of functioning. 20 C.F.R. § 416.926a(b). In the present case, in the decision dated March 27, 2007, the ALJ correctly used the "final" rules in making his disability determination.

The regulations implementing the revised standards prescribe a three-step process for making the disability determination. First, the ALJ must determine whether the child has engaged in substantial gainful activity. *See* 20 C.F.R. 416.924(b). Second, the ALJ must determine whether the child has a severe impairment or combination of impairments. *See* 20 C.F.R. 416.924(c). Third, the ALJ must determine whether the severe impairment(s) meets, medically equals, or functionally equals a listed impairment. *See* 20 C.F.R. § 416.924(d). In the present case, the ALJ found that N.F.'s claim failed at step three, as N.F. did not have an impairment that met or medically or functionally equaled a listed impairment.

First, we find there is substantial evidence on the record to support the ALJ's determination that N.F.'s impairments do not meet or medically equal in severity any listed impairment. *See* 20 C.F.R. Part 404, Subpt. P, App. 1, Part B. We next address whether N.F.'s impairments are functionally equal to any listed impairment, or, in other words, whether "what [N.F.] cannot do because of [her] impairments . . . is functionally equivalent in severity to any listed impairment that includes disabling functional limitations in its criteria." 20 C.F.R. § 416.926a(a).

Functional equivalence may be established by demonstrating marked limitations in two, or extreme limitations in one of the following areas: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being. *See* 20 C.F.R. § 416.92a(d). The

-3-

ALJ determined that the facts in this case suggest N.F. has "less than marked" limitations in the area of health and physical well-being; and "no limitations" in the areas acquiring and using information, attending and completing tasks, interacting and relating to others, moving about and manipulating objects and caring for oneself.  We do not find substantial evidence on the record to support the ALJ's determination.

We are particularly troubled by the ALJ's failure to address the evidence showing N.F. has been diagnosed with a disruptive disorder, expressive language disorder and mixed receotive-expressive language.[1]  (Tr. 220-230).  Treatment notes from Western Arkansas Counseling and Guidance Center (WACGC) indicate N.F. is a child with a serious emotional disturbance.  (Tr. 221). Progress notes dated September 19, 2006, from WACGC report N.F. successfully completed the LEAP program.  (Tr. 223).  These notes indicate N.F. had made significant progress in her behavior with overall compliance and only minor attention seeking behaviors.  N.F. was noted to be able to maintain patience and cooperative behavior with peers.  While this evidence shows N.F. had made some improvement, it also shows N.F. has limitations not discussed by the ALJ.

In making this disability determination, the ALJ did note Ms. Langham's, N.F.'s kindergarten teacher, opinion that N.F. had limitations in all six areas of functioning.  (Tr. 23, 206-207). The ALJ further noted Ms. Langham failed to respond to a letter dated October 15,

---

[1] The court notes plaintiff's counsel included medical evidence from Western Arkansas Counseling and Guidance Center in the appeal brief submitted on April 1, 2008. This medical evidence is not properly before this court and will not be addressed.

2006, requesting further information.[2] (Tr. 23, 120). The ALJ found Ms. Langham's opinion to be conclusory and without substantial support from the other evidence of record.

As N.F.'s asthma was the only impairment listed in the Childhood Disability Evaluation Form completed by non-examining, medical, consultants and N.F. has clearly been diagnosed with a serious emotional disturbance, we believe remand is necessary so that the record can be further developed regarding N.F.'s areas of development. We also point out that one of the non-examining consultants opined plaintiff had marked limitations in the area of health and physical well-being. (Tr. 187).

On remand, the ALJ should direct interrogatories to obtain functional assessments from N.F.'s treating physician(s), counselor(s), teacher(s), and psychologist(s)/psychiatrist(s) for the time period in question.

### III.  Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of February 2009.

/s/  *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff submitted a note from Ms. Langham to the Appeals Council. In this note, Ms. Langham states she did not receive a letter from the ALJ. (Tr. 263).